# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MITZI D. PITZING,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **VS.** | ) **CIVIL ACTION NO.: 2:24-CV-01465-GMB** |
| | ) |
| **UAB MEDICINE ENTERPRISE,** | )    **JURY TRIAL DEMANDED** |
| | ) |
| **DEFENDANT.** | ) |

## AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Mitzi D. Pitzing, by and through her undersigned counsel, and amends this complaint to substitute the proper Defendant, UAB Medicine Enterprise, and states as follows:

## STATEMENT OF THE CASE

1. This is a lawsuit by the Plaintiff, Mitzi D. Pitzing, who has been adversely affected by the Defendant's discrimination on the basis of the Plaintiff's gender, as a female, which is impermissible under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

2. The Plaintiff also brings claims under the Family and Medical Leave Act ("FMLA"). Plaintiff had her FMLA rights interfered with by agents of Defendant. The practices committee by the Defendant violated Plaintiff's rights under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*, on the basis of both interference and retaliation.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over the cause of action pursuant to 28 U.S.C. §§ 1331, 1344, and 1367, and 29 U.S.C. § 2601.

4. Plaintiff has fulfilled all conditions precedent to the institution of this action. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 420-2024-92922 (Exhibit A). The Dismissal and Notice of Suit Rights was electronically issued on August 1, 2024. Plaintiff files suit within ninety days of her receipt thereof. (Exhibit B).

5. The Defendant is located and doing business within this judicial district and division. This action is brought within the judicial district where the unlawful employment practices were committed, making venue proper under 28 U.S.C.§ 1391(b).

**PARTIES**

6. Plaintiff, Mitzi D. Pitzing ("Plaintiff" or "Pitzing"), is a 49-year Caucasian female resident of the State of Alabama, domiciled in this judicial district and division. She had a qualifying series of serious health conditions necessitating FMLA leave. At all times material herein, Plaintiff was an employee of the Defendant within the meaning of the FMLA and Title VII.

7. Defendant, UAB Medicine Enterprise, is a domestic non-profit corporation whose mission is to provide common management of the existing and future healthcare delivery operations (the "joint healthcare operations") of The Board of Trustees of The University of Alabama and The University of Alabama Health Services Foundation, P.C., at which Plaintiff worked at all times material herein, and is an employer within the meaning of the FMLA and Title VII.

## STATEMENT OF FACTS

8. Plaintiff started work in The University of Alabama System in July of 1994 until January of 2005. In August of 2011, she returned to the system, working in the University School of Law, in Tuscaloosa, as an Administrative Specialist, in Marketing, for the Continuing Legal Education program.

9. She started at UAB Medicine Enterprise ("UABME") in May of 2014 as an Administrative Associate in Development. After her job was dissolved, she got a position as an Administrative Assistant in the Department of Pediatrics. She worked there from December of 2014 until July of 2016. She got a promotion in July, 2016 to Executive Assistant I at a salary of $55,000. She reported to Dr. Jean Ann Larson, Chief Leadership Development Officer and Senior Associate Dean, School of Medicine. She later was promoted to Executive Assistant II. In November, 2021, her salary increased to $72,000, and her position became Program Director/Leadership Development. She got another raise in January 2022. At termination, her salary was

$74,210.

10. In all her time at UABME, Ms. Pitzing was never disciplined or reprimanded, and had good evaluations. Dr. Larson's husband, Robert Jarmillo, is an Al expert and has his own company. He is not a UABME employee. Ms. Pitzing created a talent management directory for succession planning. It contained the names of individuals who had undergone training in the Institute of Leadership. Dr. Larson required Ms. Pitzing to share departmental information with him, that is, the talent management directory with Mr. Jarmillo, so that he could edit the information, even though he was not a UABME employee. Ms. Pitzing objected verbally to this directive.

11. Ms. Pitzing hurt her back at work on January 31, 2023-she heard something pop- while loading her car for a workshop. It hurt her to stand. She was taken from the office in a wheelchair. On February 2, she was told to stay off work, yet Dr. Larson made her return to work on February 6 for a strategic planning retreat at the Stadium Club at Protective Stadium, notwithstanding that she had a qualifying health condition under the FMLA.

12. Ms. Pitzing had taken FMLA leave in August of 2019 for back surgery (a spinal fusion). While in the bed in the hospital, Dr. Larson had her train her replacement.

13. She later had breast cancer in August of 2020, and had a bilateral mastectomy, for which she was not permitted to take FMLA leave but had to take personal leave. On October 5, 2020, she had reconstructive breast surgery.

14. Ms. Pitzing was married at age 19. She and her husband had three children. After a divorce, on October 9, 2015, she married Donna Pitzing. Her wife later began to abuse alcohol, lost her job, and became physically abusive. Ms. Pitzing obtained a Protection From Abuse from her estranged wife. Dr. Larson began to harass her and created a hostile work environment. She would say to Pitzing, in one-on-one meetings, "you need to pick a better partner," or, strangely, in front of others, "you need to stop taking care of your children."

15. Later, Dr. Larson required Ms. Pitzing to sign off on the timecards of an employee named Leslie. Leslie was almost always late, and Ms. Pitzing did not always know her comings and goings, because she did not supervise her. Leslie almost always got overtime, on a near-daily basis. Pitzing informed Dr. Larson by email that this was improper, and she did not approve of having to sign off on the time for someone she did not supervise, and whose time Pitzing could not verify.

16. On March 1, 2023, Ms. Pitzing was terminated. In the termination meeting, with Joan Wilson from HR sitting in, Ms. Pitzing said to Dr. Larson, "I cannot work on something that your husband has password protected when he does not work at UAB."

17. Ms. Pitzing worked diligently through several personal medical crises, and put up with disparaging comments about her wife. Her rights have been violated under Title VII of the Civil Rights Act of 1964 on the basis of gender and a hostile work environment, and, although not the jurisdiction of this agency, the Family and Medical Leave Act.

## COUNT I

## FAMILY AND MEDICAL LEAVE ACT: INTERFERENCE

18. Plaintiff adopts and realleges each and every allegation contained in this Complaint as if it is set out anew herein.

19. Plaintiff met all qualifying conditions for FMLA leave, yet was denied full benefits and rights under the FMLA, in that Defendant willfully and intentionally interfered with the exercise of rights to which she was entitled under the FMLA.

20. Plaintiff qualified for FMLA leave and had a right to be granted FMLA leave. She was intentionally not permitted to do so.

21. Plaintiff's employment was terminated less than a month after her back injury.

22. Defendant's actions were in violation of the FMLA and were taken willfully, intentionally, and with malice or reckless indifference to Plaintiff's federally protected rights.

23. As a result of Defendant's intentional interference with Plaintiff's rights under the FMLA, Plaintiff has suffered and will continue to suffer damage to her professional life and career opportunities and pecuniary losses.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

    a. Reinstatement; or, in the alternative,

    b. Front pay;

    c. Back pay;

    d. Liquidated damages, to deter such conduct in the future;

    e. Injunctive relief;

    f. Attorney's fees;

    g. Costs; and

    h. Such other legal or equitable relief as may be appropriate to effectuate the purposes of

the FMLA or to which Plaintiff may be reasonably entitled.

## COUNT II

## FAMILY AND MEDICAL LEAVE ACT: RETALIATION

24. Plaintiff adopts and realleges each and every allegation contained in this Complaint as if it is set out anew herein.

25. Plaintiff was denied full benefits and rights under the FMLA, in that she was willfully and intentionally retaliated against based on her exercise of rights to which she was entitled under the FMLA.

26. Plaintiff engaged in the statutorily protected activity of putting Defendant on notice of a qualifying event under the FMLA. Plaintiff was ultimately terminated less than a month after her qualifying injury.

27. Defendant's actions were in violation of the FMLA and were taken willfully, intentionally, and with malice or reckless indifference to Plaintiff's federally protected rights.

28. Defendant's intentional retaliation against Plaintiff for exercising her rights under the

FMLA resulted in the termination of her employment. Plaintiff has suffered and will continue to suffer damage to her professional life and career opportunities and pecuniary losses.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

a. Reinstatement; or, in the alternative,

b. Front pay;

c. Back pay;

d. Liquidated damages, to deter such conduct in the future;

e. Injunctive relief;

f. Attorney's fees;

g. Costs; and

h. Such other legal or equitable relief as may be appropriate to effectuate the purposes of the FMLA or to which Plaintiff may be reasonably entitled.

## COUNT III

## TITLE VII- GENDER DISCRIMINATION

## (HOSTILE WORK ENVIRONMENT)

29. Plaintiff adopts and realleges each and every allegation contained in this Complaint as if set out anew herein.

30. In taking the above-described actions, Defendant intentionally discriminated against Plaintiff on the basis of her gender, female, in violation of Title VII.

31. Defendant created a hostile work environment for Plaintiff based on her gender, female.

32. Defendant condones and allows gender-based discrimination. Defendant's actions were

in violation of Title VII and were taken with malice or reckless indifference to the federally-protected rights of Plaintiff.

33. As a proximate consequence of the violation of Title VII by Defendant, Plaintiff has suffered and will continue to suffer damage to her professional life and future career opportunities, past and future pecuniary losses, embarrassment, emotional pain, physical symptoms of stress, inconvenience, mental anguish, and non-pecuniary damages.

34. Plaintiff has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands the following relief:

(a) Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of the Defendant complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII;

(b) Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, servants, attorneys, and those acting in concert with Defendant from violating Title VII;

(c) Reinstate to the position in which she would have worked absent Defendant's discriminatory treatment, or in lieu thereof, front pay;

(d) Back pay;

(e) Emotional distress damages;

(f) Pre-judgment interest;

(g) Attorney's fees;

(h) Costs; and

(i) Such other legal or equitable relief, including injunctive relief, as may be

appropriate to effectuate the purposes of Title VII, or to which Plaintiff may be entitled.

**PLAINTIFF DEMANDS TRIAL BY A STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

                                             **Respectfully Submitted,**

                                             <u>**[s] John D. Saxon**</u>
                                             **John D. Saxon**
                                             **Alabama Bar No. ASB3258-071J**
                                             **Attorney for Plaintiff**

<u>**OF COUNSEL**</u>
**JOHN D. SAXON, P.C.**
2119 3rd Avenue North
Birmingham, Alabama 35203
Tele: (205) 324-1039
Fax: (205) 323-1583
Email: jsaxon@saxonattorneys.com

<u>**PLAINTIFF'S ADDRESS**</u>

Mitzi D. Pitzing
**C/O JOHN D. SAXON, P.C.**
2119 3rd Avenue North
Birmingham, AL 35203

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that on the 12th day of December, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lynlee Wells Palmer
Daniel B. Harris
JACKSON LEWIS, P.C.
Synovus Center; Suite 870

800 Shades Creek Parkway
Birmingham, AL 35209
(205)332-3100
Lynlee.Palmer@jacksonlewis.com
Daniel.Harris@jacksonlewis.com