# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MITZI D. PITZING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:24-CV-01465-GMB |
| ) | |
| UAB MEDICINE ENTERPRISE, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT UAB MEDICINE ENTERPRISE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant UAB Medicine Enterprise ("UABME" or "Defendant") submits this Answer to Plaintiff's Amended Complaint ("Complaint").

## STATEMENT OF THE CASE

1. Defendant admits that Plaintiff asserts claims under the statutes and laws cited. Defendant denies that it committed any unlawful employment practices as alleged in the Complaint.

2. Defendant admits that Plaintiff asserts claims under the statutes and laws cited. Defendant denies that it committed any unlawful employment practices as alleged in the Complaint.

## JURISDICTION AND VENUE

3. Defendant admits this Court has jurisdiction over the claims Plaintiff

asserts. Defendant denies the validity of Plaintiff's claims.

4. Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC dated August 26, 2023, and that the EEOC issued a Determination and Notice of Rights dated August 1, 2024, which speak for themselves. Defendant denies the remaining allegations of Paragraph 4.

5. Defendant admits that venue is proper. Defendant denies that it committed any unlawful employment practices as alleged in the Complaint.

## PARTIES

6. Defendant admits that it employed Plaintiff. Upon information and belief, Defendant admits that Plaintiff is a resident of the State of Alabama and is domiciled in this judicial district and division. Defendant denies the remaining allegations of Paragraph 6.

7. Admitted.

## STATEMENT OF ALLEGED FACTS

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies them.

9. Defendant admits that Plaintiff became an employee of UABME in 2016 as an Executive Assistant I in the Leadership Development Office under the supervision of Dr. Jean Larson. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and

therefore denies them.

10. Defendant denies that Plaintiff was never disciplined or reprimanded. Defendant also denies that Plaintiff had only good evaluations. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 and therefore denies them.

11. Defendant admits that Plaintiff reported an on-the-job injury to her back on or about January 31, 2023. Defendant denies the remaining allegations of this Paragraph.

12. Defendant admits that Plaintiff took FMLA leave in August of 2019. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 and therefore denies them.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies them.

14. Defendant denies that Dr. Larson harassed Plaintiff or created a hostile work environment. Defendant denies that Dr. Larson made the statements attributed to her. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and therefore denies them.

15. Defendant denies the allegations of Paragraph 15.

16. Defendant admits that Plaintiff was terminated on March 1, 2023. Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the remaining allegations of Paragraph 16 and therefore denies them.

17. Defendant denies that it committed any unlawful employment practices. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 and therefore denies them.

## COUNT I

## FAMILY AND MEDICAL LEAVE ACT: INTERFERENCE

18. Defendant reasserts its responses to Paragraphs 1-17, above, as though fully set forth herein.

19. Denied.

20. Denied.

21. Defendant incorporates its responses to Paragraphs 11 and 16. Defendant denies the inference suggested herein that Plaintiff's termination was motivated by her back injury.

22. Denied.

23. Denied.

Defendant denies that Plaintiff is entitled to the relief requested or to any other relief.

## COUNT II

## FAMILY AND MEDICAL LEAVE ACT: RETALIATION

24. Defendant reasserts its responses to Paragraphs 1-23, above, as though

fully set forth herein.

    25.    Denied.

    26.    Denied.

    27.    Denied.

    28.    Denied.

Defendant denies that Plaintiff is entitled to the relief requested or to any other relief.

## COUNT III

## TITLE VII – GENDER DISCRIMINATION

## (HOSTILE WORK ENVIRONMENT)

    29.    Defendant reasserts its responses to Paragraphs 1-28, above, as though fully set forth herein.

    30.    Denied.

    31.    Denied.

    32.    Denied.

    33.    Denied.

    34.    Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC dated August 26, 2023, and that the EEOC issued a Determination and Notice of Rights dated August 1, 2024, which speak for themselves. Defendant denies the remaining allegations of Paragraph 34.

Defendant denies that Plaintiff is entitled to the relief requested or to any other relief.

## ADDITIONAL DEFENSES

To the extent that any allegations or claims in Plaintiff's Complaint have not been admitted herein, they are denied. Now having answered each paragraph of Plaintiff's Complaint, Defendant asserts the following additional defenses (affirmative and otherwise) to the Complaint but does not assume the burden of proof on any such defense, except as required by applicable law with respect to the particular defense asserted. Defendant reserves the right to assert additional defenses and/or otherwise to supplement this Answer in accordance with applicable law and orders of the Court.

### FIRST DEFENSE

All employment decisions at issue relating to Plaintiff were based on legitimate, non-discriminatory, non-retaliatory business reasons that were not pretextual.

### SECOND DEFENSE

Plaintiff cannot establish a *prima facie* case for any of her claims and her Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Some or all of Plaintiff's claims against Defendant are barred by the doctrine of sovereign immunity.

## FOURTH DEFENSE

Plaintiff's gender was not a factor in any of the employment decisions at issue; however, to the extent that the fact finder determines otherwise, Defendant states that the same decisions would have been made absent the alleged impermissible motive.

## FIFTH DEFENSE

Plaintiff is not entitled to some or all of the relief requested in the Complaint because, even if any unlawful discrimination occurred, which Defendant denies, such conduct was prohibited by Defendant's policies and was not committed, condoned, authorized, permitted, countenanced, ratified, or approved by Defendant.

## SIXTH DEFENSE

All, or part, of Plaintiff's claims are barred as she was an at-will employee and no employment contract between the parties existed.

## SEVENTH DEFENSE

Plaintiff did not request FMLA leave after her injury on January 30, 2023.

## EIGHTH DEFENSE

Plaintiff failed to provide sufficient notice to Defendant to put Defendant on

notice that any request for time off work related to her on the job injury may have been covered by the FMLA.

## NINTH DEFENSE

Plaintiff did not qualify for leave under the FMLA after her on the job injury.

## TENTH DEFENSE

Any request for or use of FMLA leave by Plaintiff was not the cause of the termination of her employment.

## ELEVENTH DEFENSE

Notwithstanding Defendant's general denials and affirmative defenses herein, to the extent Plaintiff establishes that any prohibited criterion was a motivating factor for any employment decision challenged herein, Defendant would have taken the same action in the absence of such an impermissible motivating factor.

## TWELFTH DEFENSE

The Complaint or portions thereof are barred in that Plaintiff has failed to meet the statutory and administrative prerequisite and/or conditions precedent to filing this action.

## THIRTEENTH DEFENSE

Plaintiff cannot establish that similarly situated employees outside her protected classes were treated more favorably.

## FOURTEENTH DEFENSE

Plaintiff's claims, or some of them, are barred by the Doctrines of Waiver, Estoppel, Collateral Estoppel, Res Judicata, Ratification, Acquiescence, Laches, Consent, and Claim and/or Issue Preclusion.

## FIFTEENTH DEFENSE

Plaintiff's claims for damages are limited to the extent she has failed or refused to mitigate her damages.

## SIXTEENTH DEFENSE

Defendant made good faith efforts to comply with the law and should not be liable for any discriminatory or harassing acts by employees (whether managerial or not) or non-employees of Defendant.

## SEVENTEENTH DEFENSE

At all times relevant hereto, Defendant had a specific policy against unlawful discrimination and harassment in the workplace, and such policy was well-known to employees.

## EIGHTEENTH DEFENSE

Although Defendant denies that Plaintiff was exposed to a hostile work environment, Defendant asserts that it exercised reasonable care to prevent and correct promptly any harassing behavior, and that Plaintiff has unreasonably failed to take advantage of any preventive or corrective opportunity provided or to avoid

harm otherwise. *See Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 761-63 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 790, 807 (1998).

## NINETEENTH DEFENSE

Plaintiff's claims are barred because Defendant did not know, nor reasonably should have known, of any alleged harassment.

## TWENTIETH DEFENSE

To the extent Plaintiff complained to Defendant about alleged unlawful treatment, Defendant took immediate and adequate steps to investigate Plaintiff's complaints.

## TWENTY-FIRST DEFENSE

To the extent any of Plaintiff's allegations of misconduct are found to be true, Plaintiff's claims still fail because any such misconduct was not committed, authorized, adopted, or ratified by Defendant, Defendant has strict policies prohibiting such conduct, Defendant neither knew nor should have known of such conduct, the actions were taken outside the course and scope of that employee's employment, and the alleged conduct was not beneficial to Defendant.

## TWENTY-SECOND DEFENSE

To the extent Plaintiff's claims are based upon matters which occurred, or failed to occur, outside of the applicable statute of limitations for any of her claims, those claims are barred by the statute of limitations.

### TWENTY-THIRD DEFENSE

Compensatory, liquidated, or punitive damages are not available for some or all of the causes of action listed, and Defendant denies that it engaged in conduct sufficient to warrant such damages.

### TWENTY-FOURTH DEFENSE

Punitive damages may not be recovered from Defendant.

### TWENTY-FIFTH DEFENSE

Subjecting Defendant to punitive damages in this case or affirming an award of punitive damages would violate the United States Constitution, as well as the Alabama Constitution. Furthermore, Defendant adopts all defenses made available under the decision rendered by the United States Supreme Court in *BMW of North America, Inc. v. Gore,* 517 U.S. 809 (1996).

### TWENTY-SIXTH DEFENSE

The Complaint is barred, or whole or in part, to the extent that Plaintiff's claims are beyond the scope of her underlying Charge of Discrimination filed with the EEOC.

### TWENTY-SEVENTH DEFENSE

Defendant is entitled to an offset against any alleged lost income for any amounts earned or that could have been earned by Plaintiff.

## TWENTY-EIGHTH DEFENSE

Defendant did not act with, and Plaintiff cannot prove that Defendant acted with, evil motive or discriminatory intent, or reckless or callous indifference to, Plaintiff's federally protected rights.

## TWENTY-NINTH DEFENSE

Some or all of Plaintiff's claims are barred to the extent Plaintiff seeks remedies beyond those that she would be entitled to receive under the statutory provisions or Constitutional Amendments at issue.

## THIRTIETH DEFENSE

Plaintiff's claims for damages are limited in whole or in part by statute.

## THIRTY-FIRST DEFENSE

Plaintiff's claims are barred in whole or in part because of her own acts or omissions.

## THIRTY-SECOND DEFENSE

Plaintiff is not entitled to a jury trial on her claims for equitable relief or upon claims arising from any disparate impact theory she may raise.

## THIRTY-THIRD DEFENSE

Plaintiff is not entitled to a "double recovery" for her back pay and damages under the law.

### THIRTY-FOURTH DEFENSE

The Complaint may be barred, in whole or in part, by the doctrine of after-acquired evidence.

### THIRTY-SECOND DEFENSE

To the extent Plaintiff has "unclean hands," she is not entitled to any relief.

### THIRTY-THIRD DEFENSE

Plaintiff is not entitled to equitable relief as the Plaintiff has not suffered irreparable harm and has adequate remedies at law.

### THIRTY-FOURTH DEFENSE

To the extent Plaintiff was involved in any improper activities or engaged in the same conduct about which she now complains or failed to properly notice and act upon such conduct, Plaintiff is estopped from recovering for her claims.

### THIRTY-FIFTH DEFENSE

To the extent Plaintiff has successfully taken a position in another proceeding that is inconsistent with her claims for relief in this action, Plaintiff's claims in this action are barred by the doctrine of judicial estoppel.

### THIRTY-SIXTH DEFENSE

Defendant denies Plaintiff is entitled to recover attorney's fees and/or costs.

### THIRTY-SEVENTH DEFENSE

Defendant's actions or inactions were not the proximate, legal, or substantial

cause of any damages, injury or loss suffered by Plaintiff.

## THIRTY-EIGHTH DEFENSE

Any damages suffered by Plaintiff are due to her own conduct, which included, but was not limited to, failure to comply with workplace rules for which she had actual knowledge.

## RESERVATION OF DEFENSES

Because discovery is ongoing, Defendant reserves the right to assert further defenses as appropriate.

## **PRAYER FOR RELIEF**

Wherefore having fully answered the Complaint, Defendant requests that the Complaint be dismissed with prejudice; that judgment be entered for Defendant; and that Defendant be awarded its attorneys' fees herein, plus other such general and equitable relief as this Court deems just and appropriate.

Respectfully submitted this 6th day of January, 2025.

                                          */s/ Lynlee Wells Palmer*
Lynlee Wells Palmer (ASB-4367-T82P)
Telephone: (205) 332-3096
Lynlee.Palmer@jacksonlewis.com
Daniel B. Harris (ASB-4081-G61A)
Telephone: (205) 332-3097
Daniel.Harris@jacksonlewis.com
**JACKSON LEWIS P.C.**
800 Shades Creek Parkway, Suite 870
Birmingham, Alabama 35209
Fax: (205) 332-3131

*Attorneys for Defendant UAB Medicine Enterprise*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of January, 2025, I have served a true and correct copy of the foregoing via the Court's CM/ECF filing system upon the following counsel of record:

John D. Saxon
**JOHN D. SAXON, P.C.**
2119 3rd Avenue North
Birmingham, AL 35203

                                          */s/ Lynlee Wells Palmer*
Counsel of Record